# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROBERT V. ANDERSON,**

    **Plaintiff,**

vs.                                Case No. 4:10cv432-MP/WCS

**FLORIDA PAROLE COMMISSION,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, was recently granted *in forma pauperis* status, doc. 6, and he has now paid the assessed initial partial filing fee. Doc. 8. Plaintiff's complaint, doc. 1, has now been reviewed.[1]

Plaintiff's civil rights complaint, brought pursuant to 42 U.S.C. § 1983, is against the Florida Parole Commission. Doc. 1, p. 1. Plaintiff asserts that his due process and equal protection rights have been violated. *Id.*, at 8.

---

[1] Plaintiff initiated this case in the Middle District of Florida and it was then transferred to this Court. Doc. 7.

Plaintiff alleges that that he was sentenced under the 1977 Florida statutes, and entered the custody of the Florida Department of Corrections on September 27, 1978, to serve a parole eligible sentence.  Doc. 1, p. 8.  Plaintiff was interviewed by a parole examiner on June 25, 2002.  *Id.*  The examiner recommended setting Plaintiff's presumptive parole release date for September 27, 2008.  *Id.*, at 10.  The Commission did not affirm the recommendation, setting the presumptive parole release date (hereinafter PPRD) for the year 2078 instead.  *Id.*, at 10-11.  Although the decision was reached on August 7, 2002, Plaintiff contends he was not notified of the PPRD until August 2, 2005, when his next interview would be scheduled for 2007.  *Id.*, at 11.  Plaintiff asserts that the "Commission members are not qualified to make the determination to overrule the highly qualified decision by the examiner . . . ."  *Id.*  Plaintiff then challenges the factual basis for setting his next hearing five years in the future.  *Id.*, at 11-13.  Plaintiff alleges he was denied due process during the commission meeting.  *Id.*, at 13.

Plaintiff had another interview on April 20, 2007, and the parole examiner recommended a 24-month reduction in the PPRD.  *Id.*, at 13-14.  The Commission met and on June 13, 2007, rejected the recommendation, leaving the PPRD unchanged.  *Id.*, at 14.  Again, the next parole hearing was set for five years ahead.  *Id.*

Plaintiff broadly raises claims in this case challenging the parole process, and asserting due process, equal protection, and ex post fact violations.  *Id.*, at 14-15.  Plaintiff contends that the Commission's overruling of the parole examiner's recommended 2008 presumptive parole release date was Constitutionally invalid.  *Id.*, at 16.  Plaintiff seeks an order finding that the Commission denied him due process and

requiring the Commission to set a "reasonable" PPRD and if no "new information or institutional conduct" is presented, order Plaintiff's release on parole. *Id.* The complaint was signed and dated by Plaintiff on October 1, 2010. *Id.*

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Although the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.* Plaintiff was aware of his injury when he was notified of the Commission's decision on August 2, 2005. Doc. 1, p. 11. Because the complaint was not filed until October of 2010,[2] it is barred by the statute of limitations.

---

[2] Once an inmate puts his pleading in the prison mailbox, it is "filed" for purposes of time requirements. Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Plaintiff signed the complaint on October 1, 2010, and I will assume he gave it to prison officials on that date.

The subsequent decision by the Parole Commission in June of 2007, reaffirming the PPRD did not start the statute of limitations clock over because each subsequent parole decision is not a "continuing violation." In Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive application of a new Georgia parole policy violated the Ex Post Facto Clause. The claim was held to be barred by the statute of limitations and the prisoner argued that his complaint "should not be time barred under the continuing violation doctrine." Id., at 1183. The court explained that when there is a "one time act with continued consequences," then the limitations period is not extended." Id. The prisoner there was denied parole, and then a subsequent date set for reconsideration. Plaintiff's claim here is on the same footing and these claims are barred.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because his claims are barred by the statute of limitations, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2010.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**